IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-196-TAV-DCP |
| | ) | |
| JO ANN MEDINA and | ) | |
| HERIBERTO ANGELES-MARTINEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned on January 3, 2020, for a scheduled motion hearing on Defendant Medina's Motion to Continue Trial Date [Doc. 23], filed on December 19, 2019. Assistant United States Attorney William A. Roach, Jr., appeared on behalf of the Government. Assistant Federal Defender Nakeisha C. Jackson represented Defendant Medina, and Attorney Gerald L. Gulley, Jr., represented Defendant Angeles-Martinez. Both Defendants were also present.

In her motion, the Defendant Medina asks the Court to continue the January 14, 2020 trial date and all relevant deadlines. The motion relates that counsel needs additional time to confer with her client and to properly prepare the case for trial, taking into account counsel's exercise of due diligence. The motion further relates that defense counsel has discussed the request for a continuance with Defendant Medina, who understands that the additional time would be

excludable under the Speedy Trial Act. The motion states that the Government does not oppose the continuance.

At the motion hearing, Ms. Jackson stated that additional time is needed to complete review of discovery and to speak with potential witnesses. She represented that an additional forty-five to sixty days would be sufficient to complete trial preparations. Mr. Gulley stated that Defendant Angeles-Martinez did not oppose the request for trial continuance as he agreed additional time was needed to speak with potential witnesses. AUSA Roach confirmed that the Government did not object to the motion to continue the trial, and agreed that the continuance would assist all parties in preparation for trial. He explained that there were at least three potential witnesses currently in custody, but due to the recent holidays and other scheduling conflicts, he had been unable to arrange meetings to speak with them. He further explained that the Government had filed a factual basis for each of the witnesses, who are charged separately, but that a change of plea hearing had yet to be set. Defense counsel represented that they did not anticipate filing any dispositive motions, and the parties agreed on a new trial date of March 3, 2020.

The Court finds Defendant Medina's motion to continue the January 14, 2020 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that a trial continuance is necessary in this case in order to permit counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Defense counsel needs additional time to complete investigation of the case, including interviewing witnesses, to consult with their clients, to prepare and litigate pretrial motions (except for dispositive motions), and to prepare the case for trial. If motions are filed, the Court will need time to hear and rule on the motions. 18 U.S.C. § 3161(h)(1)(H). The Court finds that all of this cannot take place before the

January 14 trial date or in less than two months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Medina's Motion to Continue Trial Date [**Doc. 23**] is **GRANTED**. The trial of this matter is reset to **March 3, 2020**. The Court also finds that all the time between the filing of the motion on December 19, 2019, and the new trial date of March 3, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion deadline of **January 17, 2020**. Responses to Motions are due on or before **January 24, 2020**. If any motions are filed, the Court will schedule a motion hearing. The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **February 18, 2020**. If the parties desire a final pretrial conference, they must contact Chambers to schedule one at least three weeks before trial. All motions *in limine* must be filed no later than **February 17, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **February 21**, **2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

> (1) The Defendant's Motion to Continue Trial [**Doc. 23**] is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **March 3, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
> (3) All time between the filing of the motion on **December 19, 2019**, and the new trial date of **March 3, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) The pretrial motion deadline is extended to **January 17, 2020**. Responses to motions are due on or before **January 24, 2020**;

(5) The deadline for concluding plea negotiations and providing reciprocal discovery is **February 18, 2020**;

(6) Motions *in limine* must be filed no later than **February 17, 2020**; and

(7) Special requests for jury instructions, supported by citations to authority, shall be submitted no later than **February 21, 2020**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge